IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00115 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR HOME CONFINEMENT** |
| MARILYN INFANTE, | |
| Defendant. / | |

Defendant Marilyn Infante has filed a motion for recommendation for home confinement, requesting the issuance of a recommendation to the Bureau of Prisons to consider placing defendant on home confinement for the remainder of her sentence (Dkt. No. 73). The government has filed an opposition to the motion (Dkt. No. 77).

On March 24, 2011, a term of imprisonment of one year and one day was imposed on defendant, for violation of 18 U.S.C. 1344 (bank fraud). Defendant surrendered to begin serving her sentence at Federal Medical Center ("FMC") Carswell in Forth Worth, Texas, on June 20, 2011. According to the BOP website, defendant's projected release date is May 3, 2012 (Federal Bureau of Prisons, http://www.bop.gov (last visited December 3, 2011); *see* Dkt. No. 77 at 2).

Defendant requests a recommendation for home confinement due to the fact that her "health has changed since sentencing" and FMC is unable to provide her with adequate treatment. Defendant states that when she arrived at FMC, they took her orthopedic shoes and provided her with a pair of shoes that were one size too small. She has since fallen three times, sustaining an injury to her right shoulder and knee. She states she has been confined to a wheelchair and

attributes the first fall to the improper fit of the shoes. She also indicates that she has experienced delay in receiving medical treatment for her injuries, indicating that she did not receive an MRI until three months after her initial fall, on June 20, 2011, and that it has not yet been reviewed by a doctor (Dkt. No. 73 at 1–2).

The government states that defendant's medical needs have been addressed. The "undersigned government counsel requested and received medical records — more than 100 pages worth — documenting defendant's numerous visits with prison medical staff . . . [including] records [that] plainly show that defendant's MRI was reviewed by a physical therapist on October 4, 2011, and co-signed by a doctor that same day" (Dkt. No. 77 at 3). Appended to the government's opposition is a medical record dated November 21, 2011, indicating that defendant reported her knee pain to be a "4" on a scale of 1–10 and that "she has been walking with her walker . . . reports wearing her brace as instructed and . . . has been utilizing the recumbent bike on the rec unit for exercise" (Dkt. No. 77-1).

The government opposes defendant's request for a recommendation of home confinement on the grounds that it is contrary to law. Defendant contends that she is eligible for home confinement under the "Second Chance Act and § 3621" (Dkt. No. 73 at 3). But the federal regulations governing pre-release community confinement instruct that she is not yet eligible for home confinement. "Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months." 28 C.F.R. 570.21(b). Defendant seeks a recommendation of home confinement for the remainder her sentence, which is approximately five months — more than ten percent of her term of imprisonment. Therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 5, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2